

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,362-02

### EX PARTE LESLIE KENNETH HOLTE, II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1318785-A IN THE 263RD DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to twenty years' imprisonment. The First Court of Appeals affirmed his conviction. *Holte v. State*, No. 01-12-00338-CR (Tex. App. — Houston [1st Dist.] October 1, 2013)(not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review. Applicant also alleges that appellate counsel

never sent him copies of the appellate briefs.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall also obtain copies of the mailroom logs from the Gurney Unit from October of 2012 until March of 2013, and from the Bradshaw State Jail from March of 2013 until August of 2014, and affidavits from the appropriate mailroom supervisors, stating whether or not Applicant received mail from his appellate attorney during the applicable period.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and that he has a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 26, 2015
Do not publish